IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-17-TAV-DCP |
| JASMINE MAXINE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jasmine Johnson's Unopposed Motion to Continue All Deadlines and Trial [Doc. 27], filed on May 18, 2023.

In her motion, Defendant Johnson asks the Court to continue the August 22, 2023 trial date and related deadlines. Counsel for Defendant states that she is in the process of reviewing discovery, but that the relevant toxicology reports and cell-phone analysis remain outstanding.[1] Defense counsel relates that she and counsel for the Government are in good communication regarding this case and that the Government does not oppose the requested continuance. Counsel submits that granting the requested continuance would provide the parties an opportunity to make a full resolution of this case and serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel states that the right

---

[1] Following the filing of Defendant's motion, the Court inquired as to when the parties estimate the outstanding discovery will be available. Counsel for the Government relayed that he estimated the toxicology reports would be available in approximately six weeks. Counsel for the Government also stated that the results of the toxicology report could be relevant to the plea-negotiation process.

to a speedy trial has been explained to Defendant, who understands that the period of time between the filing of the instant motion and a rescheduled trial date would be fully excludable time.

Based upon the information provided by Defendant in her motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to review the discovery currently in her possession. Both defense counsel and counsel for the Government also need time to receive and review the still-pending discovery, engage in plea negotiations if they wish, and prepare for trial in the event plea negotiations are not fruitful. All of this cannot be done by the August 22, 2023 trial date.

The Court therefore **GRANTS** Defendant Johnson's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 27**]. The trial of this case is reset to **January 23, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 18, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Johnson's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 27**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 23, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **May 18, 2023**, and the new trial date of **January 23, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **August 18, 2023**. Responses to motions are due on or before **September 1, 2023**;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2023**;

(6) The deadline for filing motions *in limine* is **January 2, 2024**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 3, 2024, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 12, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge